UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-197-H

MARY ANN RICHARDSON                                                      PLAINTIFF

V.

MUTUAL OF OMAHA INSURANCE COMPANY                  DEFENDANT

**MEMORANDUM OPINION**

      Craig Richardson purchased an Accidental Insurance Policy as part of the Ford Motor Company's employee benefit plan (the "Policy"). His spouse, Mary Richardson ("Plaintiff") was the beneficiary under the policy. Defendant, Mutual of Omaha Insurance Company ("Mutual of Omaha") provides the Policy and has denied Plaintiff's claim for benefits. Plaintiff requests a declaratory judgment that she is entitled to the full sum of the Accidental Insurance Policy. Both sides have moved for summary judgment. This is a difficult case because Plaintiff has lost a spouse and now faces the loss of certain insurance benefits as well. The sole legal issue, however, is whether Craig Richardson's death resulted from an accident as defined by the Policy. If so, Plaintiff recovers the death benefit.

I.

      Craig Richardson was an employee at Ford. On April 2, 1998, Mr. Richardson enrolled in an optional Accident Insurance Plan that Ford offered and provided by Mutual of Omaha. He named Plaintiff, his then wife, as his sole beneficiary.

      On February 19, 2004, while driving on Taylorsville Road, Mr. Richardson attempted to turn onto the southbound Gene Snyder Expressway ramp. He lost control of his vehicle and left

the roadway, hitting an embankment.  Mr. Richardson was not wearing a seatbelt and there was no sign of any defensive driving maneuvers.  Police responded to the scene and Mr. Richardson was pronounced dead at 11:11 p.m.  The autopsy report named multiple blunt force injuries as cause of death and listed the death as an "accident" on the final report.  The medical examiner also sent blood and urine samples to the state medical examiner's office, where Mr. Richardson's blood alcohol content was found to be .515, which is approximately six times Kentucky's legal limit for the driver of a vehicle.

Plaintiff, as beneficiary of the Policy, reported his death and applied for the benefits due.  On August 5, 2004, Mutual of Omaha denied Mrs. Richardson's claim.  It cited the definition of "accident" contained in the Policy:

> "Injury" wherever used in this certificate means bodily Injury occurring while the Group Accident Master Policy is in force as to the Insured or Insured Dependent whose Injury is the basis of claim and causing the loss directly and independently of all other causes and effected solely through an accidental bodily Injury to the Insured or Insured Dependent.

Mutual of Omaha stated that because Mr. Richardson's level of intoxication should have given a "reasonable person" expectation of likely consequences, Mr. Richardson's death was not "accidental."  As provided under the ERISA plan, Mrs. Richardson appealed this decision.  Mutual of Omaha examined her appeal and again denied on the grounds that extreme intoxication did not justify an "accident."  In upholding its decision, Mutual of Omaha cited *Wickman v. Northwestern National Ins. Co.*, 908 F.2d 1077 (1st Cir. 1990) and many other federal cases for the legal proposition that "motor vehicle collisions where the insured was driving while intoxicated do not qualify for accidental death benefits under ERISA-governed accidental death insurance policies."  Thereafter, Mrs. Richardson filed this complaint

challenging Mutual of Omaha's conclusions.

## II.

The issue before the Court is whether Plaintiff is entitled to accidental death benefits under the Policy. The Policy is a benefit which Ford provides as part of its employee benefit plan. Therefore, ERISA governs all claims under it and preempts all state law claims. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987). Federal substantive law governs interpretation of the benefit provisions of an ERISA regulated insurance plan, such as this one. *Id.* at 56-57; *Wickman*, 908 F.2d at 1084. The parties agree that the Court must review the record *de novo* and determine the correct result. *See, e.g., Jones v. Metropolitan Life Ins. Co.*, 385 F.3d 654, 659-60 (6th Cir. 2004).

Insurance policy terms must be given their plain meanings, consistent with the understandings of average persons. 10 Couch on Insurance 2d, § 41:9, 13 (1982). Insurance contracts are liberally construed in favor of the policyholder and against the insurer, if the language is ambiguous and the policy is susceptible to more than one reasonable construction. *See Bituminous Cas. Corp. v. RPS Co.*, 915 F.Supp. 882, 883 (W.D. Ky. 1996) (citing *St. Paul Fire & Marine Ins. v. Powell-Walton-Milward*, 870 S.W.2d 223, 226 (Ky. 1994)).

No one can know precisely the cause of Mr. Richardson's accident. However, certain conclusions seem clear. Richardson did consume an excessive amount of alcohol. Driving while intoxicated to six times the legal limit creates a high likelihood of a serious accident. The accident causing Richardson's death related to the reasonably foreseeable consequences of his driving after excessive consumption of alcohol. The Court finds that any reasonable person should have known that to drive a vehicle in such circumstances was extremely dangerous.

The next question is whether such a factual conclusion justifies a denial of Plaintiff's claim against the Policy. The Policy does not cover injuries unless they were "effected solely through an accidental bodily injury." Unlike some other policies, the Policy does not specifically define "accidental." This Court should interpret its provisions "according to their plain meaning, in an ordinary and popular sense." *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998). This Court concludes that the First Circuit decision in *Wickman* provides the most reasonable approach for such an analysis. 908 F.2d at 1085. After surveying state judicial interpretations of the term "accidental", the *Wickman* court concluded that a reasonable expectation test should be used in determining whether an event was accidental. *Id.* In other words, the Court must look to the actual and reasonable expectations of the insured. *Id.* at 1088. Even where one determines that the insured did not expect the injury suffered, the Court must determine whether such an expectation was reasonable. *Id.* In doing so, the Court must decide whether a reasonable person would have viewed the injury as highly likely as a result of the intentional conduct. *Id.* The Court concludes that a reasonable person would not have considered the accident and its consequences either unexpected or surprising. Each of these conclusions supports the decision to deny coverage.

"[F]ederal courts have found with near universal accord that alcohol-related injuries and deaths are not 'accidental' under insurance contracts governed by ERISA." *Eckelberry v. ReliaStar Life Ins. Co.*, 469 F.3d 340, 345 (4th Cir. 2006); *and see, e.g., Baker v. Provident Life & Acc. Ins. Co.*, 171 F.3d 939 (4th Cir. 1999); *Cozzie v. Met. Life Ins. Co.*, 140 F.3d 1104 (7th Cir. 1998). Moreover, the vast majority of federal district courts in the Sixth Circuit to deal with the subject have arrived at similar conclusions. *See, e.g., Nelson v. Sun Life Assurance Co.*

*of Can.*, 962 F.Supp. 1010 (W.D. Mich. 1997); *Walker v. Met. Life Ins. Co.*, 24 F.Supp.2d 775 (E.D. Mich. 1997); *Miller v. Auto-Alliance Int'l., Inc.*, 953 F.Supp. 172 (E.D. Mich. 1997); *Fowler v. Met. Life Ins. Co.,* 938 F.Supp. 476 (W.D. Tenn. 1996); and *Cates v. Met. Life Ins. Co.*, 14 F.Supp. 2d 1024 (E.D. Tenn. 1996). The rulings and rationale in all of these cases generally support Mutual of Omaha's decision in our case.

Defendant points to only one case within the Sixth Circuit, *Lennon v. Metropolitan Life Ins. Co.*, 446 F.Supp.2d 745 (E.D. Mich. 2006), which has held differently. After reviewing statistics showing that most people who drove while intoxicated were not killed in car accidents, the *Lennon* court concluded that people who drove while intoxicated could not reasonably expect to view an injury as highly likely to occur. Id. at 750. The *Lennon* court adopted a rather tortured interpretation of the *Wickman* test and relied upon the analysis of the district court in *Eckelberry v. ReliaStar Life Ins. Co.*, 402 F.Supp.2d 704 (S.D. W.Va. 2005), *rev'd*, 469 F.3d 340 (4th Cir. 2006). *Id.* The Court finds *Lennon* unpersuasive and agrees with the majority of other courts to have faced the issue. A reasonable person would have or should have known that intentionally driving a vehicle while intoxicated is extremely dangerous, and resulting injuries cannot be said to be accidental for purposes of the Policy.

Therefore, the Court concludes that the crash and death of Craig Robertson was not accidental within the meaning of the Policy as construed under federal law. The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record