UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-197-H

MARY ANN RICHARDSON                                                      PLAINTIFF

V.

MUTUAL OF OMAHA INSURANCE COMPANY                        DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff asks the Court to reconsider its decision based upon the new assertion that the Accidental Insurance Policy (the "Policy") in question is not governed by ERISA.

Both Plaintiff and Defendant have pursued this matter from its inception as a dispute governed by ERISA. Indeed, this Court stated in its opinion that the Policy is a benefit that Ford makes available to its employees as part of its employee benefit plan. Plaintiff has presented no evidence to the contrary. For these reasons alone, the Court would be highly reluctant to reconsider the entire jurisdictional basis of the case without any real supporting evidence.

Moreover, this Court does not entirely agree with the opinion in *Hodge v. Mutual of Omaha*. Clearly, Ford appears to have established a "plan" which is intended to benefit employees. Ford created and administers the system of benefits from which its employees choose. Ford determines which benefits are part of that system. The Accidental Insurance Policy is one of the benefits made available. Its designees set out and administer the framework for claims administration and appeals. Therefore, this Court's reading of *Thompson v. American Home Assur. Co.*, 95 F.3d 429 (6th Cir. 1996), suggests that Ford has composed an ERISA plan, of which the Policy is one of the offerings. Plaintiff has given this Court no reason to believe

that Ford has not been substantially involved in the creation and administration of the overall benefit package, of which the Policy is clearly a part.

For all of these reasons, the Court believes that this dispute was properly resolved under ERISA.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to vacate is DENIED.

cc: Counsel of Record